**LIBERTY COMBUSTION CORPORA-TION, Plaintiff,**

v.

**E. C. JACKSON, Magic Servant Products Company, and Magic Servant Manufacturing Company, Defendants.**

Civ. A. No. 21762.

United States District Court
E. D. Michigan, S. D.

Oct. 29, 1963.

Lawrence B. Lindemer, Foster, Campbell, Lindemer & McGurrin, Lansing, Mich., for plaintiff.

Richard von K. Bruns, Bruns & Jenney, Syracuse, N. Y., of counsel.

James E. Stephenson, Olsen & Stephenson, Ann Arbor, Mich., for defendants.

ROTH, District Judge.

FINDINGS OF FACT

Plaintiff, Liberty Combustion Corporation, is a New York Corporation located and having its principal place of business at Syracuse, New York. The President of plaintiff corporation is William H. Moore, of Syracuse, New York.

Defendants, Magic Servant Products Company and Magic Servant Manufacturing Company, are Michigan corporations located and having their principal place of business at Detroit, Michigan. Defendant, E. C. Jackson, was formerly the sole proprietor of the defendant corporations and is now the President of each corporation. Plaintiff and defendant corporations both manufacture and sell gas conversion burners.

The patent in suit is U. S. Letters Patent No. Des. 189,948, issued March 21, 1961, to William H. Moore, of Syracuse, New York. This is a design patent entitled "Housing for a Power Gas Burner." Plaintiff makes and sells power gas burners having the patented housing under Model Nos. LBP 200 and LBP 400.

Defendant, Magic Servant Manufacturing Company, makes and defendant, Magic Servant Products Company, sells power gas burners having the patented housing under Model Nos. P359 and P359A.

Prior to the time that differences arose between plaintiff and the defendants, it had been the practice for plaintiff to purchase from the defendants some of the burners, and parts of burners, which it sold. In 1957 both plaintiff and defendant Jackson were seeking to add to their burner lines power gas conversion burners (burners in which the air for combustion is supplied under pressure by a fan) for which they believed there was a market.

Plaintiff's President, William H. Moore, was aware at this time of a Model G200 power gas burner, which was being manufactured by the Nu-Way Corpora-

tion, of Rock Island, Illinois. In November 1957, Liberty purchased a Nu-Way burner for study; and in January 1958, Jackson purchased a similar burner. Both purchases were prior to the development of the power gas burner which forms the subject matter of this litigation.

Jackson, early in 1958, developed a power gas burner; and pictures of that burner were sent to plaintiff prior to May 20, 1958. That burner was subsequently designated Model P458; and during 1958, several P458 burners were manufactured by Jackson and sold to plaintiff, which in turn resold them.

On June 2, 1958, Jackson visited the plaintiff's plant in Syracuse, New York, for the purpose of delivering certain castings to plaintiff relating to an atmospheric burner which Jackson was supplying plaintiff. While at the plaintiff's plant, Jackson conferred with plaintiff's President, William H. Moore, and plaintiff's Vice President and Sales Manager, William Barry. The power gas burner developed by Jackson (Model P458) was discussed, and it was agreed that another model power gas burner should be developed which would utilize a smaller motor and could be manufactured for less cost.

William H. Moore, President of the plaintiff corporation, conceived, and on June 2, 1958, revealed to defendant E. C. Jackson, a rough, crude, and rudimentary outline for a burner housing design which was augmented by the conception of the defendant, E. C. Jackson, and by him reduced to the specific and fully detailed burner housing design covered by the patent in suit. In order to construct these P359 burners, Jackson in July 1958, had the Dundee Castings Company, of Dundee, Michigan, make and deliver to him three or four burner housings having the same general overall appearance as the housing shown in Figures 1 to 5 inclusive of the patent in suit, except that the delivered housings did not include flame tubes which form a standard part of a burner of this type. These housings were assembled with other component burner parts, and pilots were installed on the burners later in 1958.

These power burners which Jackson commenced building in July 1958, and which were completed at least as early as December 1958, were the first burners, built by either party to this suit, having a housing of the same general overall appearance as the burner housing illustrated in Figures 1 to 5 inclusive in the patent in suit. The first Model P359 burner was sent to the plaintiff by Jackson in January 1958, and in June 1959, Jackson commenced selling these burners in large numbers to the plaintiff.

The Peerless Corporation of Indianapolis, Indiana, a company engaged in the manufacture of forced air heating and air conditioning equipment, learned of Jackson's Model P359 burners through pictures or literature that their Director of Engineering, Duane H. Williams, had seen. On December 29, 1958, the Peerless Corporation sent Purchase Order No. 1826 to Magic Servant Products Company ordering one power gas burner, firing rate under 300,000 BTU, which was the Model P359 burner. It was specified in the Purchase Order that the burner was to be used for engineering tests and was to be resold upon completion of the tests, and no price was specified. This is a standard way of doing business by Peerless Corporation; and whether or not a price is specified, goods received under a Purchase Order are intended by them to become the property of Peerless.

On February 16, 1959, Jackson shipped a Model P359 burner via Interstate Motor Freight, which was received by Peerless on February 19, 1959. No price was specified by Jackson. William H. Moore, President of plaintiff corporation, filed a patent application, Serial No. 59,451, on February 19, 1960, more than a year after receiving the first P359 burner from Jackson. That patent application, hereafter referred to as the 59,451 application, disclosed a power gas burner housing design substantially the same as the design of the P359 housing, and which is now shown in Figures 1 to 5 in-

clusive of patent No. Des. 189,948 here in suit.

Subsequently, on September 6, 1960, William H. Moore filed patent application, Serial No. 62,031, disclosing a similar burner housing design, which is now shown in Figure 6 of patent Des. 189,948. Moore, on January 12, 1961, filed a single patent application, Serial No. 63,766, combining the 59,451 and 62,031 applications, which matured into the patent in suit on March 21, 1961; and, after filing said application Serial No. 63,766, abandoned the two original patent applications.

The plaintiff notified the trade of its ownership of the patent in suit and the fact that the defendants' Model P359 burner is covered by Liberty's patent. Further, the plaintiff informed specific accounts of the defendants of the patent situation, thereby requiring the defendants to furnish these accounts with warranties of indemnification. The defendant, E. C. Jackson, has not made and sold any burners covered by the patent in suit since March 21, 1961, the date of issue of the patent.

## CONCLUSIONS OF LAW

This Court has jurisdiction of the parties and of the causes of action set out in the Complaint and the Counterclaim.

William H. Moore made a false oath when he filed the 59,451 patent application stating that he believed he was the original, first, and sole inventor of the design for the Power Gas Burner which was disclosed in that application.

■■ William H. Moore, President of plaintiff corporation, and E. C. Jackson, one of the defendants, originated and conceived the design covered by the patent in suit. A design patent must disclose configuration and complete appearance of the article in which the design is embodied so fully, clearly, and with such certainty as to enable those skilled in the art to make articles without being forced to resort to conjecture; and disclosure cannot be so vague as to compel independent experimentation by others to ascertain the bounds of the claims. See Philco Corporation v. Admiral Corporation, D.C., 199 F.Supp. 797. Under the facts of this case, we have before us a joint invention; and a patent granted to one of the joint inventors as the sole inventor is void. Walker on Patents, Weller's Edition, Section 117. Shreckhise v. Ritchie et al., 4 Cir., 160 F.2d 593; Bourne v. Jones, D.C., 114 F.Supp. 413. See also De Laski v. Thropp, etc., D.C., 218 F. 458, especially page 464 respecting joint inventors.

■ The patent in suit is also invalid on the ground specified in 35 U.S.C. § 102(b) because burners embodying the design covered by the patent were on sale in this country more than one year prior to the date of Moore's first application for patent in the United States; namely February 19, 1960.

It is concluded, therefore, that the design invention covered by the patent in suit was a joint invention; and since the application for patent was filed by and on behalf of only one of the inventors, the patent is void. The patent is void for an additional reason; to wit: there was such prior public use of the design as to preclude the granting of a valid patent.

The defendants did not submit proofs respecting claimed losses of business and losses from interference with business; and therefore, the Court makes no findings respecting them. The Court will, however, if application is made therefor by the defendants, allow defendants to re-open their proofs respecting their claimed damages. The Court will allow defendants Thirty (30) days from the filing of this Opinion in which to make such application; otherwise counsel for the defendants will prepare and submit an order for judgment in accordance with this Opinion.

Other issues raised by the parties, in view of the findings of fact and conclusions of law of the Court, need not be considered.